UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



SONDRA HEADRICK,

    Plaintiff,

v.                                          Civil Action No. 3:10CV891

WILLIAMS, SCOTT & ASSOCIATES, LLC
Serve:    John Williams
           Registered Agent
           Williams, Scott & Associates, LLC
           3340 Peachtree Road, NE, Suite 1800
           Atlanta, Georgia 30326

    Defendant.

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337. Venue in this District is proper in that the defendant transacted business in this state and the plaintiff chooses to bring this action here.

## III. PARTIES

3. Plaintiff, Sondra Headrick, is a natural person residing in Roanoke, Virginia.

4. Defendant, Williams, Scott & Associates, LLC, is a corporation engaged in the business of collecting debts in this state with its principal place of business located in Norcross, Georgia. One of the principal purposes of Williams, Scott & Associates, LLC is the collection of debts using the mails and telephone and it regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Plaintiff and her husband, Clifford Headrick, obtained a loan with "Ace Cash Express." They made their last payment in November or December 2007.

7. Sometime in September 2010, a male collector working for Defendant who said his name was "David" called Plaintiff on her work phone, (540-982-2463 ext 4146) at the VA Medical Center where she works as a claims assistant. "David" stated that as a result of her not paying her debt with Ace Cash Express they had filed papers against her in Roanoke County. "David" also stated that her driver's license will be revoked and she will be going to jail for writing a bad check. Plaintiff told Defendant she was at work and she could not talk to him as these kinds of calls were not allowed. Defendant continued talking over Plaintiff and would not let Plaintiff talk. Plaintiff hung up on Defendant. During this initial communication, nor within five days thereafter, did Defendant provide any of the required notices under §1692(g)(a). During this

communication, Defendant did not state that he was a debt collector and that any information obtained would be used for that purpose.

8. Despite Plaintiff telling Defendant she was at work and these types of calls were prohibited while she was at work, several minutes later Defendant called Plaintiff again. Plaintiff did not answer. Defendant left a voicemail stating to return his call. A few minutes later, he called the Plaintiff at work again but did not leave a voicemail.

9. Later that same day, Plaintiff was still very upset about Defendant's statements to her and called her bankruptcy attorney to see if the debt had been included in her bankruptcy filing in 2005. Her bankruptcy office stated that they would call Defendant to confirm whether or not the debt was included in her bankruptcy filing.

10. The next day, Defendant called Plaintiff at work again and left a voicemail stating that he had spoken to Plaintiff's bankruptcy attorney's office and that she still owed the debt and they expected payment.

11. On or about September 7, 2010 at 10:56 a.m., a male collector working for Defendant called Plaintiff's sister, Cindy Alexander (hereinafter "Ms. Alexander") on her cell phone number, (540-206-5190) and left a voicemail. The voicemail stated that "You can thank Sondra Headrick for getting you involved in this matter" and to call him back. On September 7, 2010, Ms. Alexander called Defendant back and talked to the male collector. Defendant stated that they ran a background check on her and that they were calling about a debt that she had co-signed on. Ms. Alexander stated that she did not have anything to do with the debt and hung up. On September 8, 2010 at 7:14 p.m.,

Defendant called back and did not leave a message. Defendant called Ms. Alexander approximately eight (8) times and either left a message stating to return his call or left no message.

12. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Threatening to put Plaintiff in jail in connection with the alleged debt §16292(e);

b) Engaging in conduct of which the natural consequence is to harass, oppress, or abuse and causing my client's telephone to ring with intent to annoy, abuse, or harass §1692d(2)(5);

c) Failing to validate the debt at the time of initial contact and/or in writing within five days thereafter §1692g(a);

d) Communicating with persons other than my client <u>for purposes other than to locate my client</u> and communicating specific information about the debt owed §1692b(1 &3);

e) Yelling and being otherwise verbally abusive in connection with the collection of this alleged debt §1692(d);

f) The use of any false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer including that Plaintiff would be arrested if she did not pay §1692 (e)(10);

4

g) Failing to disclose in the initial communication that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose §1692(e)(11);

h) Making false and misleading representations regarding the character and status of the debt including that a lawsuit was pending against Plaintiff in Roanoke County §1692(e)(2); and

i) Threatening to take legal action that cannot be taken or is not intended to be taken. §1692(e)(5)

13. As a result of the acts alleged above, Plaintiff suffered actual damages including embarrassment and emotional distress.

### V. FIRST CLAIM FOR RELIEF

14. Plaintiff repeats, realleges, and incorporates by reference the preceding paragraphs

15. Defendant violated the FDCPA as noted above.

16. As a result of the above violations of the FDCPA, the defendant is liable to the plaintiff for plaintiff's actual damages, statutory damages, costs, and attorney fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the defendant for the following:

A. Actual damages.

B. Statutory damages pursuant to 15 U.S.C. §1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k.

D. For such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

                                      **Respectfully submitted,**

                                      **SONDRA HEADRICK**

                                      */s/ Counsel for Plaintiff*

John Cole Gayle, Jr.
VSB No. 018833
The Consumer Law Group, P.C.
5905 West Broad Street, Suite 303
Richmond, Virginia 23230
(804) 282-7900
(804) 673-0316 fax
jgayle@theconsumerlawgroup.com

Counsel for Plaintiff