UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SONDRA HEADRICK,

        Plaintiff,

v.                                    Civil Action No.3:10cv891

WILLIAMS, SCOTT & ASSOCIATES, LLC,

        Defendant.

**MOTION FOR JUDGMENT BY DEFAULT AND MEMORANDUM IN SUPPORT**

Comes now the Plaintiff, Sondra Headrick, by counsel, and moves the Court for entry of judgment by default pursuant to Fed.R.Civ.P. 55(b)(2), and in support thereof states the following:

**MOTION FOR JUDGMENT BY DEFAULT**

1.    Plaintiff seeks a judgment for affirmative relief against Defendant.

2.    Defendant has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.

3.    Pursuant to Plaintiff's request for entry of default, made pursuant to Fed.R.Civ.P. 55(a), the Clerk entered the Defendant's default on June 2, 2011.

4.    Plaintiff's claims against the Defendant are not in their entirety for sums which can by computation be made certain. Therefore, pursuant to Fed.R.Civ.P. 55(b)(2), Plaintiff requests that the Court enter judgment in favor of Plaintiff for statutory damages, plus statutory costs and attorney's fees, as set forth in her Complaint and as more fully set forth below in her memorandum.  Attached as **Exhibit A** is Affidavit of Sondra Headrick.

## MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT BY DEFAULT AND DAMAGES MEMORANDUM

The Clerk has entered the Defendant's default. Plaintiff respectfully requests that the Court rule on Plaintiff's request for awards of: statutory damages, statutory attorney's fees, and costs pursuant to the Fair Debt Collections Practices Act, against Defendant Williams, Scott & Associates, LLC.

This memorandum will review the relief available to the Plaintiff.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### AGAINST WILLIAMS, SCOTT & ASSOCIATES, LLC

Plaintiff seeks an award of statutory damages in the maximum amount available, $1,000.00, legal fees and costs pursuant to her FDCPA claim.

### STATUTORY DAMAGES

An individual consumer who brings a successful FDCPA action is entitled to an award of statutory damages in such an amount as the court may allow, up to $1,000.00. 15 U.S.C. § 1692k(a)(2)(A). The Act provides factors to be considered by the court in fixing the amount of statutory damages:

> (b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors--
> (1)    in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(1).

The egregiousness of the violation is a factor to be considered in awarding statutory damages. Rutya v. Collection Accounts Terminal, Inc. 478 F. Supp. 980 (N.D. Ill. 1979).

As this court has noted, the Fourth Circuit has exhibited a lack of judicial tolerance for failure to comply with the FDCPA. Creighton v. Emporia Credit Service, Inc., 981 F. Supp. 411, 417 (E.D. Va. 1997), citing Miller v. Payco-General American Credits, Inc., 943 F.2d 482 (4th

Cir. 1991),and U.S. v. National Financial Services, Inc., 98 F.3d 131 (4th Cir. 1996). In upholding the civil penalty set by the district court in National Financial Services, the Fourth Circuit stated that "Without a real sting, the defendants would be unlikely to be deterred from violating the Act, in light of the substantial profit to be made using aggressive and improper collection practices." National Financial Services, 98 F.3d, at 141.

One purpose of statutory damages is to provide an incentive for debt collectors to obey the law. Strange v. Wexler, 796 F. Supp. 1117, 1120 (N.D. Ill. 1992). In Withers v. Eveland, 988 F. Supp. 942 (E.D. Va. 1997), this court ruled that a debt collector "was required to do more than follow 'the spirit of the law.'" "Because he failed to do so, [the debt collector] is subject to a civil penalty in an amount that will deter him from engaging in future improper collection practices. The Court will therefore award [the consumer] statutory damages in the amount of $1,000.00 in addition to the costs incurred in pursuing this matter, including reasonable attorney's fees." In another case, this Court awarded the full $1,000.00 in statutory damages for a UPL based FDCPA violation, finding that "the imposition of the maximum sanction is fully justified." Jones v. Vest, 2000 U.S. Dist. LEXIS 18413,* 9 and 10 (E.D. Va. 1999).

In McHugh v. Check Investors, Inc., 2003 U.S. Dist. LEXIS 9065, (W.D. Va. 2003), Judge Wilson awarded the statutory maximum of $1,000.00, based on "egregious facts." Other courts have awarded maximum statutory damages of $1,000.00. Masuda v. Thomas Richards & Co. 759 F. Supp. 1456 (C.D. Cal. 1991), Riveria v. MAB Collections, Inc., 682 F.Supp. 174 (W.D.N.Y. 1988).

In Creighton, this Court awarded $750.00 in statutory damages after finding that the debt collector had seldom been challenged over its debt collection methods and that it monitored trade publications in a good faith effort to comply with the FDCPA. In so doing, the Court juxtaposed

good faith efforts at compliance against the goal of Congress to deter unfair debt collection practices. <u>Creighton</u>, 981 F. Supp. At 417.

  Here, Plaintiff will argue that Defendant Williams, Scott & Associates, LLC's conduct warrants the maximum statutory damages award, as it violated several subsections of the Fair Debt Collection Practices Act, and that the Defendant should face maximum statutory damages of $1,000.00 as an incentive for future compliance.  Defendant, Williams, Scott & Associates, LLC violated the Fair Debt Collections Practices Act, 15 U.S.C. §1692, et seq by the following:

  a)  Threatening to put Plaintiff in jail in connection with the alleged debt §16292(e);

  b)  Engaging in conduct of which the natural consequence is to harass, oppress, or abuse and causing my client's telephone to ring with intent to annoy, abuse, or harass §1692d(2)(5);

  c)  Failing to validate the debt at the time of initial contact and/or in writing within five days thereafter §1692g(a);

  d)  Communicating with persons other than my client <u>for purposes other than to locate my client</u> and communicating specific information about the debt owed §1692b(1 &3);

  e)  Yelling and being otherwise verbally abusive in connection with the collection of this alleged debt §1692(d);

  f)  The use of any false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer including that Plaintiff would be arrested if she did not pay §1692 (e)(10);

    g)    Failing to disclose in the initial communication that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose §1692(e)(11);

    h)    Making false and misleading representations regarding the character and status of the debt including that a lawsuit was pending against Plaintiff in Roanoke County §1692(e)(2); and

    i)    Threatening to take legal action that cannot be taken or is not intended to be taken. §1692(e)(5).

## ATTORNEY'S FEES AND COSTS

The law and evidence for the request for an award of legal fees and costs was previously submitted to the Court in Plaintiff's Request For Entry of Default Judgment filed previously.

In support of the legal fees and costs request, counsel for the Plaintiff submits his itemized invoice in this matter, attached as **Exhibit B**, as well as the Declaration of Dale Pittman to attest to the reasonableness of the fee request in this matter, attached as **Exhibit C**.

The FDCPA authorizes the payment of attorney's fees to a successful consumer. 15 U.S.C. §1692k.

## CONCLUSION

For the reasons set forth herein, Plaintiff, Sondra Headrick, seeks a maximum statutory damages award of $1,000.00 as an incentive for future compliance with the FDCPA by Defendant Williams, Scott & Associates, LLC.

Plaintiff requests the legal fees and costs under the fee shifting provisions of the FDCPA in the amount of $3,280.00 for a total default judgment in the amount of $4,280.00.

.                                            Respectfully Submitted,

SONDRA HEADRICK,


/s/ John Cole Gayle, Jr.
John Cole Gayle, Jr.
VSB No. 018833
The Consumer Law Group, P.C.
5905 West Broad Street, Suite 303
Richmond, Virginia 23230
(804) 282-7900
(804) 673-0316 Fax
jgayle@theconsumerlawgroup.com

Counsel for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2011, I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

WILLIAMS, SCOTT & ASSOCIATES, LLC

John Williams, Registered Agent

Williams, Scott & Associates, LLC

3340 Peachtree Road, NE, Suite 1800

Atlanta, Georgia  30326


 /s/ John Cole Gayle, Jr.
John Cole Gayle, Jr.
VSB No. 018833
The Consumer Law Group, P.C.
5905 West Broad Street, Suite 303
Richmond, Virginia 23230
(804) 282-7900
(804) 673-0316 fax
jgayle@theconsumerlawgroup.com

Counsel for Plaintiff